BRONSON *et al. v.* ST. CROIX LUMBER Co.

*(Circuit Court, D. Minnesota.* June 27, 1888.)

1. REMOVAL OF CAUSES—CITIZENSHIP—INTERVENORS—REPLEVIN.
    An action of replevin between citizens of the same state is not removable to the federal courts by reason of the non-residence of one from whom defendant purchased the property, and who intervenes to protect the defendant's title.

2. SAME—REMAND—WAIVER OF RIGHT—LACHES.
    Where the question is as to the right of removal from a state to a federal court, and not as to mere defects in the proceedings for removal, lapse of time and the taking of preliminary proceedings after removal are not a waiver of the right to a remand.

Motion to Remand.
*Marsh & Searles,* for plaintiffs.
*Warner & Lawrence,* for defendant.

BREWER, J.   This is a motion to remand.   The facts are as follows: Plaintiffs, citizens of the state of Minnesota, claiming to be the owners of some logs, commenced this action of replevin against the St. Croix Lumber Company, also a citizen of the state of Minnesota, the party in whose possession the logs were.   Service was made and issue joined. Thereafter, by leave of court, a defendant by the name of Wing intervened.   He had sold the logs to the St. Croix Lumber Company, and was notified by that company to defend the suit.   In pursuance of this notice, and by leave of court, he intervened, setting up his original title, and that he was a citizen of the state of Wisconsin.   Upon his petition, after the filing of a bond, the case was transferred to this court; and now plaintiffs move to remand it, on the ground that there is no separable controversy.

The gist of the action of replevin is the possession of the property, and the action lies against the party in possession.   In this case, the party claiming to be the owner and the party in possession were both citizens of the state of Minnesota; and as between them, of course, it is a local action, and not removable.   Wing, the intervenor, claims nothing independent of the original plaintiff and defendant; asserts no rights antagonistic to those of the defendant.   He simply says he was the vendor of the logs to the original defendant, and is here to protect him in his possession.   Whatever doubts may have existed in times past, it is now settled that such a case as this presents no separable controversy.   In the case of *Wilson* v. *Railway Co.,* which was decided in the circuit court for the Eastern district of Missouri, and reported in 22 Fed. Rep. 3, the court said:

"If a non-resident party has an interest in a controversy which is separate and distinct, and does not necessarily involve the interest of the other defendants, or the other party on the same side, he can remove the whole case into the federal courts.   On the other hand, if the interests of the other parties are so identified, and so mixed up, that they must and should be con-

sidered together, and depend on the final decree, which must depend upon and involve the rights of both parties, then it cannot be removed where one of the parties is a citizen of the same state with the plaintiff or defendant."

This case was taken to the supreme court of the United States, and affirmed in 114 U. S. 60, 5 Sup. Ct. Rep. 738. So it is clear that this is a case which cannot be removed into this court. And although the case has been here a long time, and although certain preliminary proceedings have been had in this court, the right to challenge the jurisdiction, and insist upon a remanding of the case, is not waived. Of course, where there are mere defects in the proceedings for removal, such defects can be waived; but where the question is one of jurisdiction and as to the right of removal, mere delay or action on preliminary matters do not waive the right to insist upon the matter of jurisdiction. The motion to remand will be sustained.