CONCORD COAL CO. et al. v. HALEY et al.

(Circuit Court, D. New Hampshire. October 20, 1896.)

REMOVAL OF CAUSES—FEDERAL JURISDICTION.

A claimant upon a fund in controversy sought to remove the cause on the ground of diverse citizenship. He had been permitted to become a party long after the lapse of time in which the original parties would have been entitled to removal, and by the statute under which he was proceeding it was doubtful whether he was plaintiff or defendant, and also doubtful whether the cause was separable from the main controversy. *Held*, that federal jurisdiction was doubtful, and the case should be remanded.

This was a suit by the Concord Coal Company and others against John J. Haley and others. A claimant upon the fund in controversy sought to remove the case into the United States circuit court on the ground of diverse citizenship.

Joseph S. Matthews, for plaintiffs.

H. G. Sargent and Edward C. Niles, for King.

ALDRICH, District Judge. Upon the law and facts, as this case strikes me, federal jurisdiction is at least doubtful. Cases in which our jurisdiction is in doubt should be remanded to the court from which they are removed. It is only where jurisdiction is clear that we hold cases under the removal acts. This rule results naturally enough from a system which contemplates that the great majority of rights shall be established and regulated in the state courts, and provides only for federal jurisdiction in special and limited instances. A suitor, in order to avail himself of the federal system, must present a situation bringing his case clearly within the limits of such special jurisdiction. The claimant, a citizen of Massachusetts, who seeks to remove this case upon the ground of diverse citizenship, became a party to the proceeding in the state court for the purpose of claim-

ing funds attached or held by the New Hampshire trustee process over which the original parties to the suit were in controversy, and he became a party long after lapse of the time in which original parties would be entitled to remove the cause upon such ground. It would seem to be a serious question, under the New Hampshire procedure, whether a claimant of funds held by the New Hampshire trustee process, who affirmatively asserts that the fund belongs to him, stands as a plaintiff or a defendant, when looking at the question in the sense of its bearing upon the right of removal. If he is to be treated as a plaintiff, clearly the right of removal upon the ground stated in the petition does not exist in his behalf. If he is a defendant, there being other defendants citizens of the state of the plaintiff, then we are confronted with the question whether his controversy can be treated as separable (Bronson v. Lumber Co., 35 Fed. 634; Thurber v. Miller, 14 C. C. A. 432, 67 Fed. 371; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726) from the main controversy between the original parties, and as a controversy which can be determined upon issues in which the other defendants are not interested, and therefore removable under the third paragraph of section 2 of the act of 1887.

Another question is whether the claimant's relation to the proceeding (his joinder being in the nature of amendment, and by leave of court) is not so far incidental to the main controversy as to relate back to the commencement of the suit, thus, in effect, rendering his petition for removal late in point of time. There is doubt whether all these questions should be settled favorably to the party seeking to remove. Where such doubt exists it would seem to be for the greater interests of all concerned that the controversy should remain with the court where jurisdiction is not doubted than to be prolonged in a court which doubts its jurisdiction, and where, after long litigation in respect to the merits, the doubt may resolve into a certainty, and all go for naught. I do not think it wise to hold this cause upon questionable reasoning and a forced construction and application of the statutes, but prefer to say, as did Judge Newman, in the Fifth circuit (Hutcheson v. Bigbee, 56 Fed. 329), "Where jurisdiction is doubtful the case should be remanded." And it is so ordered.