## MILLER v. TROY LAUNDRY MACHINERY CO.

### No. 1603.

District Court, N. D. Oklahoma.

Jan. 21, 1933.

George W. Reed, Jr., of Tulsa, Okl., for plaintiff.

Mills & Cohen, of Tulsa, Okl., for defendant.

KENNAMER, District Judge.

The plaintiff instituted this action in the state district court of Tulsa county, Okl., on January 27, 1932, to recover $8,760 from the Troy Laundry Machinery Company, Inc., defendant, for alleged breach of a contract for sale of personal property. The plaintiff filed affidavit for order of attachment, and caused certain personal property of the defendant to be attached. The defendant is a foreign corporation, and it had never designated an agent upon whom service of process could be made within the state. The plaintiff filed proper affidavit to obtain service by publication upon the defendant. The notice of the suit as published commanded the defendant to answer the petition of the plaintiff. on or before the 5th day of May, 1932, or "said petition will be taken as true and a judgment for the plaintiff in the total sum of $8760.00 with interest, costs and a judgment sustaining said attachment will be entered."

The defendant on the 5th day of May, 1932, appeared specially and filed a motion to quash the service of process by publication. Thereafter on May 16th, and subsequent to the date on which the defendant was required to plead or answer, according to the publication notice, the defendant filed its petition for removal to this court.

The plaintiff has filed a motion to remand upon the ground that the petition and bond for removal were not filed within the time required by law.

■ The contention of the defendant is that the petition and bond for removal having been filed while the motion to quash the service of process by publication was pending and undisposed of by the state district court, said petition and bond for removal were timely filed. This contention is untenable.

Section 72, USCA, title 28 (section 29, Judicial Code), provides: "Whenever any party entitled to remove any suit mentioned in section 71 of this title, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff."

■ The action as commenced in the state court was one of the class wherein service by publication was authorized under section 250, Compiled Oklahoma Statutes 1921. Under section 253 of the statutes, where service is made by publication, the defendant was required to "answer the petition filed by the plaintiff on or before a time to be stated (which shall not be less than forty-one (41) days from the date of the first publication), or the petition will be taken as true." The defendant in this case failed to file its petition for removal within the time that it was required to answer or plead to the plaintiff's petition under section 253 of the statutes, supra. Under section 29 of the Judicial Code, such petition for removal was filed too late. The time for filing the petition for removal is not tolled by filing a motion to quash the service of process by publication. The defendant cannot litigate the controversy upon any ground, such as the jurisdiction of the court, the sufficiency of the pleadings, or the validity of the service of process, without waiving the right of removal. Part of the action may not be litigated in one court and then removed for the purpose of litigating another part. Section 72, USCA, title 28, provides the removing party may have thirty days to plead after the cause is removed. Thus it is clear the removing party need not file any pleading of any kind in the state court to raise any issue which he desires to present, as such motion or pleading may be filed after the action is removed.

In the case of Martin's Administrator v. Baltimore & Ohio Railroad Company, 151 U. S. 673, at page 687, 14 S. Ct. 533, 538, 38 L. Ed. 311, Mr. Justice Gray, speaking for the court, said: "Construing the provision now in question, having regard to the natural

meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States." See Hager et al. v. New York Oil Company et al. (D. C.) 20 F.(2d) 84, and authorities therein cited.

The motion to remand is sustained.