## SEAGER v. MANEY.

### No. 3873.

District Court, M. D. Pennsylvania.

Feb. 8, 1936.

Mills & O'Connor, of Sayre, Pa., and Lilley & Wilson, of Towanda, Pa., for plaintiff.

Schrier & Vallilee, of Athens, Pa., for defendant.

JOHNSON, District Judge.

This case is before the court on a motion and rule to show cause why the same should not be remanded to the court of common pleas of Bradford county, in which it was originally instituted.

The sheriff of Bradford county made several returns of service of summons on the defendant. The first was made on October 28, 1935, which the defendant petitioned the court in Bradford county to set aside. Before that court disposed of defendant's petition, the sheriff made personal service on the defendant on December 2, 1935, and on the same day plaintiff served defendant with a statement of claim. On December 11, 1935, the court set aside the first service and held that the personal service was in compliance with the laws of Pennsylvania, and granted defendant's request for an extension of 15 days from that date in which to file an affidavit of defense. On December 23, 1935, defendant filed a petition and bond for removal of the case to the United States District Court for the Middle District of Pennsylvania, to which an objection was filed by the plaintiff in the court of common pleas of Bradford county. That court, after reciting most of the above facts, and reiterating its holding that the service of October 28, 1935, was improper and that the service of December 2, 1935, was proper, refused to approve the bond and to transfer the case to this court for the reason that the defendant had made such pleading in abatement in the Bradford county court prior to the filing of the petition for removal, that prevented removal under the

act of Congress relating to removal, and that the petition for removal thus came too late.

The record or a copy thereof is now filed in this court, and the defendant has petitioned this court to set aside the services made on defendant. The defendant therefore is seeking to have this court pass upon questions which the court of common pleas of Bradford county has adjudicated. One of the purposes of the federal removal statute (Jud.Code § 29, 28 U.S.C.A. § 72) is to avoid such a situation as this by requiring a removal petition to be filed before any defense is made in the state courts so that the federal court has the entire unadjudicated case before it and can adjudicate every part of the case in the same manner as if it had been originally commenced in the federal court.

The view above expressed has been set forth by the Supreme Court of the United States in Martin v. Baltimore & Ohio R. Co., 151 U.S. 673, at pages 686 and 687, 14 S.Ct. 533, 538, 38 L.Ed. 311, where Mr. Justice Gray, in referring to the removal statute, 28 U.S.C.A. § 72, said:

"This provision allows the petition for removal to be filed at or before the time when the defendant is required by the local law or rule of court 'to answer or plead to the declaration or complaint.' These words make no distinction between different kinds of answers or pleas; and all pleas or answers of the defendant, whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action, are said, in the standard books on pleading, to 'oppose or answer' the declaration or complaint which the defendant is summoned to meet. * * *

"Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation upon this subject, the only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

In Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 562, 39 L.Ed. 517, the court said that the removal "enables the defendant to avail himself, in the circuit court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said circuit court.'"

In Wabash Western R. Co. v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431, the court held that the validity of any and all of the defenses should be tried and determined in the Circuit Court of the United States. Want of jurisdiction over the person is one of these defenses, and, to use the language of Judge Drummond in Atchison v. Morris (C.C.) 11 F. 582, 585, we regard it as not open to doubt that "a party has the right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of the act of congress to hold that a party who has the right to remove a cause is foreclosed as to any question which the federal court can be called upon under the law to decide."

In view of the above cases, the defendant, after submitting the case to the state court and securing an adjudication on the question of the validity of service of process, was too late, within the meaning of the act of Congress, to remove the case to this court, and this court is obliged to remand the case to the court of common pleas of Bradford county.

And now, February 8, 1936, it is ordered that the petition to remand the above case to the court of common pleas of Bradford county be, and hereby is, granted, and the case is so remanded.