## ANDERSON v. SPLINT COAL CORPORATION.

### No. 1662.

District Court, E. D. Kentucky, at London.

Aug. 7, 1937.

A. E. Funk, J. J. Leary, and Earl S. Wilson, all of Frankfort, Ky., for plaintiff.

E. H. Johnson and Ray O. Shehan, both of Harlan, Ky., for defendant.

FORD, District Judge.

The defendant is a corporation organized and existing under the laws of Kentucky. The right of the plaintiff to invoke federal jurisdiction depends upon whether, at the time of filing his complaint, he was a citizen of a different state.

The petition filed on May 17, 1937, contains the allegation that the plaintiff is a citizen of the state of Indiana. The defendant has filed a special plea to the jurisdiction charging that the allegations made by the plaintiff with reference to his citizenship in the state of Indiana are false; that in fact the plaintiff is a citizen of Kentucky and his ostensible change of residence from Kentucky to Indiana is a mere feigned attempt to acquire a temporary residence there for the purpose of fraudulently claiming federal jurisdiction in this case.

Proof on the issue has been taken by depositions and the case is now submitted upon the defendant's plea to the jurisdiction.

It appears from the petition that in August, 1936, while in the employ of the defendant corporation in Harlan county, Kentucky, the defendant sustained the injuries here involved, as the result of which he has since been a helpless invalid, paralyzed below the waist. At the time of his injury, the plaintiff was living in a rented house in Harlan county, Ky. It appears that, from the time of his injury, he remained in a hospital in Harlan county until the latter part of March, 1937, when he was taken to the home of his father-in-law near Livingston, in Rockcastle county, Ky. He remained there until May 12, 1937, when he was taken in an ambulance to the home of his sister in Indiana.

So far as appears from the record, his family consisted only of himself and his wife, and she accompanied him to his sister's home in Indiana, to which they took what little household belongings they had. The plaintiff and his wife have resided in the home of his sister since they have been in Indiana and have acquired no separate dwelling house. The plaintiff accounts for his change of residence by the fact that his relatives in Kentucky, with whom he stayed after his injury, were so poor that they were unable to provide for him and their home was so remote that he could not receive adequate medical attention.

The plaintiff had formerly lived with his sister in Indiana for a short time prior to his marriage and prior to his employment by the defendant in Harlan county, Ky., and he testified "I intend to stay here in Indiana" (deposition, p. 24).

 It is a familiar rule that one who changes his residence from one state to another will be denied the right to invoke federal jurisdiction on the ground of diversity of citizenship, if the change is not with the present bona fide intention to remain permanently or for an indefinite time; but, if the removal be accompanied with actual residence in the new place of abode and be with the intention of making a home there for an indefinite time, to which no ending is then contemplated, the new domicile will constitute the test for determining jurisdiction of the federal court. The fact that the purpose was in mind to proceed in the federal court after removal implies no unlawful motive and will not defeat the exercise of that right. Williamson v. Osenton, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758; Morris v. Gilmer, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690.

 The defendant insists that the circumstances surrounding the plaintiff's removal to Indiana are sufficient to sustain the charge of fraud upon the jurisdiction made in its plea. It points to the fact that plaintiff and his wife have occupied no separate dwelling house since they have been in Indiana and that this suit was filed within three days after the plaintiff's removal from the state. In view of the plaintiff's paralyzed condition and his utter inability to make a living or to maintain a separate household, his remaining with his sister is not necessarily inconsistent with a bona fide intention to make his home in Indiana for an indefinite or indeterminate period. It is not necessary

under these circumstances that he should have adopted a separate or fixed local residence within the state in order to acquire domicile and citizenship therein. Marks v. Marks (C.C.) 75 F. 321. If the plaintiff actually intended in good faith to abandon his domicile in Kentucky and to abide anywhere in Indiana, permanently or for an indefinite time, the change of citizenship and residence was effective immediately and the length of time spent in the new residence before filing suit does not control or limit his right to immediately resort to the federal court. Sullivan v. Lloyd (D.C.) 213 F. 275.

I am of the opinion that the testimony is insufficient to sustain the charges made in the defendant's special plea to the jurisdiction, and the plea should be overruled.

Let an order be entered accordingly.