### WOFFORD v. HOPKINS et al.
### No. 176 Civil.

District Court, W. D. Texas, El Paso Division.

May 26, 1942.

258

R. E. Cunningham, of El Paso, Tex., for plaintiff.

R. A. D. Morton, of El Paso, Tex., for defendants.

BOYNTON, District Judge.

On consideration of plaintiff's motion to remand, briefs of attorneys for respective parties, authorities cited, Jud.Code, Sec. 29, 28 U.S.C.A. § 72, relating to and controlling removal of cases from State Courts to United States District Courts, Art. 2039a, Vernon's Ann.Civ.St., providing "Citation of nonresident motor vehicle owner by serving Chairman Highway Commission", and Rules of Practice and Procedure Civil Actions in Texas, viz., Rule 101, prescribing requisites of citation and direction to defendant commanding him to appear and answer plaintiff's petition on date specified, Rule 108, relating to service on a non-resident, Rule 122, relating to constructive appearance, effect of ruling on a motion to quash, Rule 237, defining "Appearance Day", and decisions of Appellate Courts of the State of Texas relating to practice and procedure in said Courts, and Transcript of Record from the State Court on removal of the case to the United States District Court; the Court is of opinion, and holds, that defendants' petition and bond for removal

herein was filed too late to meet the requirements of Sec. 29, Jud.Code, 28 U.S.C.A. § 72.

United States Judicial Code, Sec. 29, 28 U.S.C.A. § 72, provides, in part, as follows: "Whenever any party entitled to remove any suit mentioned in [Sec. 28 U.S.Judicial Code as amended, Sec. 71, 28 U.S.C.A.], * * * may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court *at the time, or any time before the defendant is required .by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff* [Court's italics], for the removal of such suit into the district court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, and certified copy of the record in such suit, * * *."

· Rule 101 of Practice and Procedure in Texas prescribes, in part, as follows: "The citation shall be styled 'The State of Texas' and shall be directed to the defendant and shall command him to appear and answer the plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days from the date of service thereof, stating the place of holding the court. * * *"

Art. 2039a, Vernon's Ann.Civ.St., provides for citation of non-resident motor vehicle owner by serving Chairman of the State Highway Commission in Texas, by leaving a certified copy in the hands of such Chairman *at least twenty days* prior to the return date thereof to be stated in said process, and such service held to be sufficient upon such non-resident, providing *notice of such service and copy of the process* be forthwith sent by registered mail by the Chairman of the State Highway Commission to the non-resident defendant, his agents, servants or employees. Sec. 6 of said Art. 2039a provides: "The court in which the action or proceeding is pending *shall have the right to continue or postpone* said action or proceeding, as may be necessary to afford the defendant reasonable opportunity to defend the action."

Rule 108, Practice and Procedure in Texas, provides, in part, as follows: "Where the defendant is absent from the

State, or is a non-resident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant; and such notice may be served by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106 hereof. * * *"

Rule 122, Practice and Procedure in Texas, relating to "Constructive Appearance", provides: "If the citation or service thereof is quashed on motion of the defendant, such defendant shall be deemed to have entered his appearance at ten o'clock a. m. on the Monday next after the expiration of twenty (20) days after the day on which the citation or service is quashed, and such defendant shall be deemed to have been duly served so as to require him to appear and answer at that time, and if he fails to do so, judgment by default may be rendered against him."

Rule 237, prescribing and defining "Appearance Day", provides, in part, as follows: "If a defendant, who has been duly cited, is by the citation required to answer on a day which is in term time, such day is appearance day as to him. If he is so required to answer on a day in vacation, he shall plead or answer accordingly, and the first day of the next term is appearance day as to him." The concluding clause, or paragraph, of said Rule 237 relates to procedure concerning filing in vacation of a petition and bond for removal to the Federal Court, where defendant is required to answer on a day in vacation.

Plaintiff filed original petition in the District Court of El Paso County, Texas, 41st Judicial District, on December 31, 1941. Citation issued from the State District Court on December 31, 1941, to each of the defendants, respectively, and served by leaving copy thereof with the Chairman of the State Highway Commission of Texas, Brady Gentry, on January 7, 1942, at Austin, Texas, defendants being cited as non-resident defendants in conformity with Art. 2039a of Vernon's Ann. Civ.St., as defendants non-resident motor vehicle owners using the highways of the State of Texas, each of said citations commanding said defendants to appear and answer plaintiff's petition at or before 10 o'clock A. M. of the Monday next after the expiration of 20 days from the service hereof before the Honorable 41st District Court, El Paso County, Texas, at the Court House in El Paso, Texas, reciting style and number of suit and that a certified copy of plaintiff's petition accompanies the citation.

On January 31, 1942, defendants, each respectively, filed in said State District Court motion to quash the service, and on February 20, 1942, filed amended motion to quash service of citation and process, and on February 21, 1942, said State District Court entered an order sustaining said motions, quashing the said service and ordering defendants to appear and answer on the Monday next after the expiration of 20 days after said date—said order being entered February 23, 1942—pursuant to Rule 122 of the Texas Rules of Practice and Procedure in Civil Cases; and thereafter on March 13, 1942, defendants filed in the State Court petition and bond for removal of said cause from the State Court to the United States District Court, and an order of removal was entered by the State District Court on March 13, 1942.

The Court finds Monday, February 2, 1942, to be the return date, return day, specified in such citations, and under mandatory provisions of Judicial Code, Sec. 29, 28 U.S.C.A. § 72, controlling removal of cases from State Courts to United States District Courts, strictly applied, to be the date and time defendants were required by the Laws of the State of Texas to answer or plead to the petition, declaration and complaint of plaintiff. Kansas City, Ft. S. & M. Railroad Co. v. Daughtry, 138 U.S. 298, 303, 11 S.Ct. 306, 34 L.Ed. 963; Martin's Adm'r v. Baltimore & O. R. Co., 151 U.S. 673, 687, 14 S.Ct. 533, 38 L.Ed. 311; Goldey v. Morning News, 156 U.S. 518, 524, 525, 15 S.Ct. 559, 39 L.Ed. 517; Hager v. New York Oil Co., D.C., 20 F.2d 944; Ex parte Bopst, 4 Cir., 95 F.2d 828, 829; Miller v. Troy Laundry Mach. Co., D.C., 2 F.Supp. 182–184; Seager v. Maney, D.C., 13 F.Supp. 617, 618; Boss v. Irvine, D.C., 28 F.Supp. 983–985; Saldibar v. Heiland Research Corp., D.C., 32 F.Supp. 248, 250; Zeagler v. Hunt et al., D.C., 38 F.Supp. 68, 69; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Morris v. Argo-Collier Truck Line, D.C., 39 F.Supp. 602–604; Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S.W. 1124, 1126; Hirsch v. Warren, 253 Ky. 62, 68 S.W.2d 767.

It is held to be the purpose of Jud.Code, Sec. 29, 28 U.S.C.A. § 72, requiring the filing of a petition and bond for

removal "at the time, or any time before the defendant is required * * * to * * * plead .* * * in such State court", to expedite the transfer of cases entitled to be removed to the United States District Court; and give the Federal Court an entire unadjudicated case, so that Court may adjudicate every part of the case in same manner as if the case had been originally commenced in the Federal Court. Time not being tolled by filing in the State Court of a motion to quash, or dilatory pleas. Goldey v. Morning News, supra; Ex parte Bopst, supra; Seager v. Maney, supra; Zeagler v. Hunt, supra; Hager v. New York Oil Co., supra; Miller v. Troy Laundry Mach. Co., supra; and other cases above cited.

Hence, order will be entered herein sustaining plaintiff's motion to remand; and remanding the case to the 41st Judicial District Court, El Paso County, Texas.