## TODD v. S. A. HEALY CO.
### No. 182.

District Court, E. D. Kentucky.

April 8, 1943.

B. J. Bethurum, of Somerset, Ky., for plaintiff.

Ben D. Smith, of Somerset, Ky., for defendant.

FORD, District Judge.

Plaintiff's motion to remand this suit to the Circuit Court of Pulaski County, Kentucky, from which it was removed, presents for determination the questions, (1) whether the petition for removal was timely filed, and (2) whether, by filing in the state court a motion to quash the service of the summons which was there sustained, the defendant waived its right to subsequently remove the cause to this court after valid service of summons.

■ Section 29 of the Judicial Code of the United States, 28 U.S.C.A. § 72, requires that a petition for removal be filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, * * *." This means that the petition for removal should be filed in the state court as soon as the defendant was required by local law to make any defense whatever in that court. Martin's Adm'r v. Baltimore & O. R. Co., 151 U.S. 673, 687, 14 S.Ct. 533, 38 L.Ed. 311.

The Circuit Courts of Kentucky are divided into two classes, viz.: courts of continuous session and term courts. As the Circuit Court of Pulaski County is a term court, we are not here concerned with the law of the State governing the time for pleading in courts of continuous session. A discussion of that subject may be found in the recent opinion of Judge Miller of the Western District of Kentucky in Marking v. New St. Louis & Calhoun Packet Co., D.C., 48 F.Supp. 680. Proceedings in civil actions in the Circuit Courts of Kentucky which are classed as term courts are governed by the Act of 1902 known as the "Practice Act", Ky. Civil Code of Practice, §§ 367a-1 to 367a-14, by which it is provided "that the first Monday in each month shall be rule day in the office of the clerk of each circuit court * * *" (Civil Code of Practice § 367a-1), and "At the first rule day after the summons has been served ten days in the county or twenty days in any other county, the defendant so served shall file his answer or other plea he may have,

whether of law or of fact" (Civil Code of Practice § 367a-3).

■ The phrase "answer or other plea", as used in this section of the Kentucky Civil Code of Practice, includes any challenge to the jurisdiction of the court whether by a motion to quash the service of the summons or other permissible pleading, Brumleve v. Cronan, 176 Ky. 818, 827, 197 S.W. 498; Gainesboro Tel. Co. v. Buckner, 160 Ky. 604, 608, 169 S.W. 1000; Chesapeake, O. & S. W. R. Co. v. Heath's Adm'r, 87 Ky. 651, 656, 657, 9 S.W. 832, but the requirement that such "answer or other plea" be filed as well as the time for such filing is "after the summons has been served." Since, under the local law, service of the summons is an indispensable prerequisite to the requirement to file an "answer or other plea", and to limit the time for so doing, it is equally essential to the establishment of a time limitation upon the filing of a petition for removal.

The defendant is a nonresident corporation engaged in business in Russell County, Kentucky. Under the law of Kentucky, service of summons upon a private corporation engaged in business within the state may be accomplished only by delivering a copy thereof (Civil Code of Practice, § 48) to "the defendant's chief officer, or agent, who may be found in this State" or in the county wherein the action is brought (Civil Code of Practice, § 51, subd. 3) and "The chief officer or agent of a corporation which has any of the officers or agents herein mentioned is: First, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent." (Ky.Civil Code of Practice, § 732, subd. 33).

This suit was filed in the state court on September 11, 1942. It appears from the sheriff's return that on the same date a summons was served "by delivering a true copy to Carl Marzano, Superintendent of the Electrical Department of the Healy Company".

On October 1, 1942, the defendant, appearing specially, filed in the Pulaski Circuit Court a motion to quash the return on the summons on the ground that service of it on Carl Marzano did not constitute service on the defendant and gave the court no jurisdiction over the defendant corporation.

With its motion the defendant filed affidavits of its general manager and other officers showing that the defendant was never engaged in any business in Pulaski County, and had no officers or agents therein; that Carl Marzano, the person upon whom the process was served, was not an officer or managing agent of the defendant or otherwise connected with it except as a mere employee serving as a foreman over a small number of laborers engaged in work for the defendant in the construction of Wolfe Creek Dam in Russell County, Kentucky.

On October 21, 1942, the motion to quash was sustained by the Judge of the Pulaski Circuit Court by the following order: "This cause having been heard on the motion of the defendant, S. A. Healy Company, to quash the return on the summons herein, the defendant not entering its appearance for any other purpose, to which motion the plaintiff objected and the same having been submitted upon the affidavits of Richard J. Hill, Jr., V. L. Shupe, J. H. Jasper and Carl Marzano, the affidavit of J. H. Jasper filed by the plaintiff and the counter affidavit of John B. Alexander filed by the defendant, it is considered by the Court that said service and return is improper and the said motion of the defendant is sustained and said service and return on summons is not sufficient to show any service of summons on the defendant to which ruling of the Court the plaintiff objects and excepts."

On January 12, 1943, the plaintiff caused another summons to be issued and served upon the defendant's agent in Russell County, of which no complaint is made. Before the expiration of the time within which the defendant was required to answer or plead in response to this second summons, it filed its petition for removal.

The plaintiff contends that the service of the original summons on Carl Marzano on September 11, 1942, was valid service upon the defendant and put into operation the requirement of the state law that the defendant answer or plead at the first rule day which followed the expiration of ten days thereafter and, consequently, the removal petition was filed too late.

■■ The applicable rule is stated in 4 Hughes' Federal Practice thus:

"§ 2508. The time within which a defendant must file a petition for removal of a cause, to be effective, does not begin to run until there has been a valid service of summons upon him; but if valid process might issue, a non-resident defendant need not await the service of process. When the service of summons is void, the time limited for the defendant to answer or plead, and so the time within which a petition for removal may be filed, does not begin to run from such service, and the defendant may appear for the purpose of filing a petition at any time, even after judgment has been rendered against the defendant by default.

"§ 2509. The right to file a petition for removal is not lost by appearance, general or special, unless, after a full and unrestricted appearance, in the first instance, without due service of process, the defendant delays petitioning for a removal beyond the time equivalent to that allowed by law for answering. * * *"

Also see, Harter v. Kernochan, 103 U. S. 562, 26 L.Ed. 411; Bramwell v. Owen, D.C., 276 F. 36; Sullivan v. Lloyd, D.C., 213 F. 275; Tortat v. Hardin Min. & Mfg. Co., C.C., 111 F. 426.

■ The validity and effect of the original summons is now a question to be determined by this court for its jurisdiction pursuant to removal is involved with it. Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Wabash W. Ry. v. Brow, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431.

■ The affidavits filed in the state court upon the question are in the record. No other proof has been introduced or tendered. Upon the evidence thus presented, I concur with the ruling of the state court that the service of the summons upon Carl Marzano was ineffective to constitute any service whatever upon the defendant. By virtue of such service, the court acquired no jurisdiction over the defendant and defendant was not thereby required to file any answer or other plea to the plaintiff's petition. Under the law of Kentucky, a default judgment based upon such ineffective service of summons is void. Youngstown Bridge Co. v. White's Adm'r, 105 Ky. 273, 49 S.W. 36; Studebaker Corp. v. Miller, 169 Ky. 90, 183 S.W. 256; Kentucky Bonding Co. v. Commonwealth, 178 Ky. 605, 199 S.W. 807; Missouri-Kansas Pipe Line Co. v. Hobgood, 244 Ky. 570, 51 S.W.2d 920.

■ While there is abundant authority to the effect that the time for filing a petition for removal may not be tolled or enlarged by preliminary or collateral proceedings in the state court, nor by special appearance for the purpose of challenging jurisdiction, the plaintiff's contention that by filing in the state court the motion to quash the void service of the summons and there successfully litigating the question under special appearance for that purpose, the defendant waived its constitutional and statutory right of removal and was consequently precluded from thereafter filing a removal petition within the prescribed time after valid service of summons, seems untenable. General Inv. Co. v. Lake Shore & M. S. R. Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Remington v. Central Pac. R. Co., 198 U.S. 95, 25 S. Ct. 577, 49 L.Ed. 959; Phillips v. Manufacturers Trust Co., 9 Cir., 101 F.2d 723, 727.

In Atlanta K. & N. R. Co. v. Southern R. Co., 6 Cir., 131 F. 657, 660, 661, it is said: "* * * a defendant should not be deprived of his constitutional and statutory right to a trial in a court of the United States upon the ground of waiver unless a clear case of intent to submit and have a hearing in the state court is made to appear. The mere filing of any answer or plea or any other defense before it is due under the law or rule of the state court is not inconsistent with the subsequent removal of the case."

■ The motion to quash the service of the summons, instead of implying submission or intention to submit to the jurisdiction of the state court, was a challenge to that jurisdiction. Litigation of such a question is permissible under the state law without entry of general appearance. White v. Kirby, 147 Ky. 496, 144 S.W. 369; Rush v. Childers, 209 Ky. 119, 272 S.W. 404; Kentucky Civil Code of Practice, § 734a.

The action of the defendant in submitting the motion for decision by the state court under the rule permitting restricted appearance for that special purpose seems entirely consistent with the intention to subsequently exercise the constitutional and statutory right of removal in the event the defendant be brought before the court by valid service of summons.

In Martin v. Baltimore & O. R. Co., supra, upon which plaintiff relies, there was no question as to the validity of the service of the summons upon the defendant. The statement of the court to the effect that upon timely motion the case would have been remanded was based upon the fact that defendant's petition for removal was filed after the time at which he was required to plead to the jurisdiction of the court. See 151 U.S. at pages 686, 687, 14 S.Ct. 533, 38 L.Ed. 311.

■ The court was dealing only with the loss of the right of removal by lapse of time, under the removal statute, in the light of the history of Congressional legislation on the subject. The question of the loss of the right of removal under the general doctrine of waiver was not involved. "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used." Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 103, 57 S.Ct. 356, 358, 81 L.Ed. 532. The general expressions of the court thus relied upon do not seem apposite as authority upon the question here involved. Other cases relied upon by the plaintiff are: Hager v. New York Oil Co., D.C.Wash., 20 F.2d 944; Miller v. Troy Laundry Machinery Co., D.C.Okl., 2 F.Supp. 182; Seager v. Maney, D.C., 13 F.Supp. 617; Wofford v. Hopkins, D.C., 45 F.Supp. 257. In so far as these cases tend to support the plaintiff's contention, they seem to rest upon misapplication of the same general expressions in Martin v. Baltimore & O. Ry. Co., supra, to which reference has been made, and are not in harmony with the weight of authority on the subject.

For the reasons indicated, I am of the opinion that the motion to remand should be denied.

Let an order be entered in conformity herewith.