**MARKS et al. v. PENNSYLVANIA R. CO.**
**Civil Action No. 4012.**

District Court, E. D. New York.
Oct. 10, 1944.

T. Bernard Eisenstein, of New York City, for plaintiffs.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant, appearing specially.

BYERS, District Judge.

The defendant moves to reargue a motion to dismiss on the ground that the Court should refuse to take jurisdiction of the controversy, as a matter of discretion.

The action, which was removed to this Court, was brought in the Supreme Court of the State of New York by residents of California as plaintiffs against a Pennsylvania corporation, in order to recover damages upon an alleged cause of action arising outside of the state. So much and no more is stated in the defendant's notice of motion; there is no affidavit in support thereof containing a statement of facts

relied upon to induce the Court to grant the same relief which it says would have been afforded to it by the New York Supreme Court.

The theory of the defendant's motion is that, since as a matter of discretion the State Court could have refused to entertain jurisdiction of the case (Murnan v. Wabash R. Co., 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Gregonis v. Philadelphia & R. Coal & Iron Co., 235 N.Y. 152, at page 160, 139 N.E. 223, 32 A.L.R. 1), this Court should similarly decline to entertain the cause.

A memorandum decision was filed, denying the motion as follows:

"9/9/44 In the absence of any explanation of defendant's failure to seek dismissal in the State Court before removal, this motion will be denied since it purports to be addressed to a kind of ancillary discretion."

In behalf of reargument, it is pointed out that, had the motion been made in a State Court and denied, the defendant would have lost its opportunity to remove the cause to this Court, according to: Martin v. Baltimore & O. R. Co., 151 U.S. 673, at pages 686 and 687, 14 S.Ct. 533, 38 L.Ed. 311; Goldey v. Morning News, 156 U.S. 518, 15 S.Ct. 559, 39 L.Ed. 517; Arrigo v. Commonwealth Casualty Co., D.C., 41 F. 2d 817; Wofford v. Hopkins, D.C., 45 F. Supp. 257, at page 260; and Seager v. Maney, D.C., 13 F.Supp. 617.

Todd v. S. A. Healy Co., D.C., 49 F.Supp. 584, is perhaps to the contrary; there a special appearance was involved on the part of a non-resident defendant corporation in a Kentucky Court.

Here the defendant was unwilling to hazard its right to remove the cause to this Court, in face of a possibly adverse outcome of an attempt to induce the State Court to decline to exercise jurisdiction.

In none of the cases cited by defendant was this precise question involved, for in all of them the basis of the motion in the State Court was that as a matter of law the controversy could not there proceed because of an underlying infirmity such as a divided corporate domicile of the defendant, or the dissolution of the defendant prior to suit, or failure to effect service on the proper corporate official, and the like. Manifestly it would be improper to condone any practise which would admit of the possibility of conflicting decisions of such issues by Courts of different jurisdictions acting successively in the same cause.

I should suppose that the same reasoning would not apply where it appears that jurisdiction has been acquired in every formal sense, but the Court originally requisitioned is urged to decline to continue to function for reasons addressed to its discretion. It would seem that in such an instance, even if the discretion is unsuccessfully appealed to in one Court, the controversy is just as complete and entire, and comes to the second Court in all its fullness despite the outcome of the first defensive maneuver.

■ If I am wrong in this, and hence there was no occasion for the defendant to disclose why it did not seek dismissal initially in the State Court, as a reason for making this motion after removal, at least it would seem that some facts should be set forth as a basis of the motion which would influence the Court to exercise discretion in the defendant's favor.

It is to be understood that the argument is that this Court should exercise discretion to dismiss, because that is what the State Court could have been expected to do if it had been given the chance to function. (It is still believed that this is properly to be characterized as an ancillary discretion.)

In order to determine then what the State Court probably would have done, recourse may be had to Murnan v. Wabash R. Co., supra, wherein the Court of Appeals sent a dismissed case back to the Appellate Division, and directed that it inquire into the subject-matter from the standpoint of the basis for and the probable exercise of discretion.

The dilemma that confronts the defendant is this: The more persuasive its present showing, the less reason appears for failure to present it to the Court in which the cause was started.

■ That perhaps explains why the motion papers are silent as to reasons which should move the Court to agree that, in the exercise of a sound discretion, there should be a refusal to entertain the cause in this Court. The mere statement that the parties are all non-residents, and that the alleged cause arose in another jurisdiction, is an insufficient showing to require that the motion be granted.

4

This decision is of course without prejudice to a motion to transfer the cause to some other District Court for trial, if the defendant be so advised.

Motion denied.   Settle order.