### HILL v. HOYT.
#### Civil Action No. 541.

District Court, D. New Hampshire.

May 6, 1946.

Hughes & Burns, of Dover, N. H., for plaintiff.

Murchie & Murchie, of Concord, N. H., for defendant.

678

CONNOR, District Judge.

This matter came on for hearing on the plaintiff's motion to remand on the ground that the petition for removal had not been filed within the time fixed by the statute. It is conceded that the petition was not filed within the first four days of the term and that Rule 23 of the Superior Court requires that a plea in abatement must be filed within that period.

The removal statute (28 U.S.C.A. § 72) provides that the petition for removal may be filed in the state court "at the time, or any time before the defendant is required by the laws of the State or the rule of the State Court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, * * *."

Obviously, neither the state court rule nor the provisions of the statute have been complied with, if it is meant by its terms that the petition must be filed in state court within the period during which some form of pleading by way of defense is required. It is admitted by the defendant that the weight of authority favors the view that such is the meaning of the statute. The purpose of the statute is to expedite transfer of removable cases and give the federal court an entire unadjudicated case. Wofford v. Hopkins, D.C., 45 F.Supp. 257.

The question appears to have been first raised in Martin v. Baltimore & O. Railroad, 151 U.S. 673, 686, 14 S.Ct. 533, 538, 38 L.Ed. 311. Therein it was held that the language of the statute makes no distinction between the different kinds of answers or pleas. In construing its provisions, the Court said: " * * * The only reasonable inference is that congress contemplated that the petition for removal should be filed in the state court as soon as the defendant was required to make any defense whatever in that court, so that, if the case should be removed, the validity of any and all of his defenses should be tried and determined in the circuit court of the United States."

The rule announced in the Martin case seems to have gained approval and acceptance in the numerous decisions wherein this issue arose and must be considered as controlling. The language of the removal statute is plain and unambiguous, and the construction given to it seems logical and well-grounded.

I am of the opinion that the motion of the plaintiff must be granted and the cause remanded to the Superior Court of Strafford County.

An order in conformity thereto will be entered.