## Studebaker Corporation of America v. Miller.

(Decided March 10, 1916.)

## Appeal from McCracken Circuit Court.

1. Evidence—Competency.—Evidence that one claimed to be the agent of a corporation is not competent against the corporation.
2. Process—Service Upon Corporation.—Return on a summons showing that it was served on a corporation by delivery "to Baker, its agent," is not a good service under the provisions of subsection 33 of section 732 of the Civil Code.
3. Damages—Measure of Damages—Failure to Deliver Automobile.— In an action for damages for the failure to deliver an automobile of a certain kind and description contracted for, the whole measure of damage is the difference between the value of the car delivered and the value of the car contracted for; expenditures on the car by the plaintiff tending to increase the value of the car which he has retained and tending to lessen the difference in the value of the car as contracted for and the car as delivered, is not a proper element of damage. To allow the recovery of such expenditure would be in effect to assess double damage.
4. Contracts—Representations Merged in Writing.—In the absence of a showing of fraud or mistake all representations made prior to the making of a written contract between the parties will be deemed to have been merged in the writing.

WHEELER & HUGHES for appellant.

W. M. OLIVER and W. A. BERRY for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Reversing.

Appellee in this action for damages alleges that in 1913, he entered into a contract with the Studebaker Corporation of America and C. N. Baker by which he purchased from them an automobile of a certain make and description for the price of $1,550.00; that the defendants represented to him that the said automobile so contracted for was suitable for use as a motor vehicle and would run properly and would propel itself over the streets and roads, and that it had certain devices and attachments whereby it would automatically start, and that said automobile in all of its parts was properly and skillfully built and constructed, and of good material

That if the said automobile had been as represented by the defendants it would have been of the value of $1,550.00, the price which the plaintiff paid therefor, but that because of faulty construction and poor material,

and because certain devices thereon would not work, and because the motor or engine therein did not have sufficient power to propel the same over the streets and roads the said automobile so furnished to him under the terms of said contract was worthless. That plaintiff shortly after the said automobile was delivered to him demanded of the defendants that they take the same back and furnish him another meeting the requirements of their contract, but that they refused to do so.

That in addition to the price so paid for the said automobile the plaintiff had been compelled to lose time and incur expense in trying to make the said automobile work and in repairing the same so as it might serve the purpose for which it was intended, to the extent of $500.00.

The defendants filed a joint answer, in the first paragraph of which they denied in detail the representations and warranties alleged to have been made by them to the plaintiff, and in the second paragraph set up a written contract, dated the 26th of August, 1913, between the plaintiff Miller and the defendant C. N. Baker, setting forth fully the terms, conditions and warranties so made by Baker, and state that said written contract embraces the entire agreement between Miller and Baker, and that there is no other agreement or warranty, express or implied, between the plaintiff and either of the defendants.

On the trial the plaintiff recovered a verdict and judgment for $1,000.00 against the appellant Studebaker Corporation of America, although the jury found for the defendant C. N. Baker.

The summons against the appellant corporation was served on C. N. Baker as its agent, and the company, without entering its appearance, entered a motion to quash the return thereon. The evidence heard by the court on this motion shows that all of the negotiations looking to the purchase of the car were between Miller and Baker, and that the former had no dealing whatever with the appellant Studebaker Corporation of America; that the written contract between him and Baker did not contain the name of the corporation, and provided for the delivery of the car to Miller by Baker and the payment therefor to Baker; that he did pay Baker for the car, and after he had received the same and become dissatisfied he wrote to the company a letter and received an

answer from it saying that it was represented in that territory by C. N. Baker. This letter was written about six weeks after the delivery of the car to Miller.

The evidence further showed that Baker was a dealer who bought cars from appellant and alone was responsible to it for the purchase price thereof. He had the exclusive right to sell appellant's cars in a given territory; that under the terms of the contract between appellant and Baker it was expressly provided that Baker in no way was the legal representative or agent of the company and had no authority to assume any obligation of any kind, express or implied, for it, or to bind it in any way, or to make any promise, warranty or representation with respect to goods or in any other matter, and that the company should not be bound in any way by the acts or conduct of Baker.

The evidence that Baker had said he was the agent of the appellant corporation was not competent against it, and apparently the lower court overruled the motion to quash the summons because the company six weeks after the transactions involved had written to appellee that Baker was its representative in that territory.

Without going into what might be the difference between a "representative" of a business corporation and an "agent" of such corporation for the purpose of serving process, it is sufficient to say in this case that the return shows the summons to have been executed on the Studebaker Corporation by a delivery of a copy thereof to C. N. Baker, its agent, and that this is in no sense a compliance with the provisions of section 732, subsection 33, of the Civil Code, which provides that the chief officer or agent of a corporation upon whom process may be served shall be first its president, second its vice president, third its secretary or librarian, fourth its cashier or treasurer, fifth its clerk, and sixth its managing agent. As said by this court in the case of Youngstown Bridge Company v. White, 105 Ky., 273, "the court can obtain jurisdiction of a corporation only by service of process on some one of the officers named in subsection 33 of section 732 of the Code; and in order to give the court such jurisdiction the return must at least show that the copy was delivered to a person who held one of those named offices."

It follows therefore that the motion to quash the summons should have been sustained; but under our well

known rule, upon the return of the case the defendant will be before the court.

In the instruction on the measure of damages the court authorized a recovery not only for the difference between the value of the automobile in its condition when delivered to the plaintiff and what its value would have been if it had been delivered in the condition contracted for, but further authorized a recovery for such sums as might have been necessarily expended by the plaintiff in procuring parts, and for making repairs thereon on account of defects of the automobile at the time of its delivery, and time lost by the plaintiff in making attempts to repair the said automobile so that it would do its work properly.

It will be thus seen that the jury were authorized to assess not only the difference in the value between the car as warranted and the car as it was at the time of delivery, but might find for the plaintiff in addition thereto money expended by him thereafter, and time lost by him in giving attention to his own car so as to make it do the work for which it had been purchased.

This seems to us to authorize the assessment of double damages; for if the plaintiff's efforts to repair the car had resulted in making it just as good as it had been represented to be, clearly his measure of damages would have been only the cost of the repairs; but as his efforts were unsuccessful, the instruction in this case not only authorized the jury to find the full damages between the value of the car as received and as it should have been, which of necessity embraces all cost and expense of putting it in the condition which he had contracted for, but also allows this cost and expense to be assessed in addition to the original element of damages which embraced it. The plaintiff would thus recover not only the full difference between the actual value and the value of the car if it had been as warranted, but he would also recover the money subsequently expended by him on the repairs which necessarily tended to lessen the difference; in other words, such expenditures by him increased the value of his car, which he still has and which were necessarily made for his own benefit and constitute no element of damage in this action.

The only measure of damage submitted should have been the difference between the value of the car as delivered and its value as warranted.

The plaintiff is seeking to recover under an oral contract entered into on the 3rd of September, 1913; the defendants are relying upon the terms of a written contract dated the 26th of August, 1913, and say that that is the only contract ever entered into between any of the parties. Under this condition of the pleadings the court permitted the plaintiff to give evidence of certain representations made to him by Baker prior to the 26th of August, although the writing in evidence, dated August 26th, 1913, expressly provided that there were no understanding or agreements or representations, express or implid, not therein specified. While in the reply the plaintiff pleaded that certain things were left out of the written contract, either by fraud or mistake, the evidence wholly fails to show such to be the case; and as the plaintiff is relying upon a contract which was consummated after the date of the writing, the evidence of representations made to him prior to that time should not have been admitted.

In the absence of a showing of fraud or mistake all representations prior to the writing are merged in it.

For the reasons given the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.