## Muir v. Glossbrenner Motors Company.

### (Decided October 23, 1925.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, Third Division).

1. Municipal Corporations—Principal and Agent—Relation Cannot be Shown by Declaration of Agent.—One cannot be shown to be agent of individual or corporation by mere proving by another the statement of one claiming to be agent.

2. Trial—Peremptory Instruction Properly Refused, where Some Evidence to Sustain Cause.—A peremptory instruction to find for defendant is properly refused, where there is some evidence to sustain a verdict for plaintiff.

3. Principal and Agent—Agency Must be Established by Other Evidence than that of Statements of One Claiming to be Agent.— Where court received evidence of statements of third party showing that he was agent of defendant in purchasing an automobile from plaintiff, it should have instructed jury that evidence could not be considered, unless agency was established by some other evidence in the case.

4. Evidence—Not Necessary to Require Notice to Produce Check to be Given Before Allowing Testimony of Contents, where Defendant had Testified it was Lost.—Where defendant testified that check which plaintiff had been allowed to describe was lost, it would have been idle formality to require necessary notice to produce to be given for allowing testimony as to contents.

5. Appeal and Error—Objection to Misconduct of Plaintiff and Attorney Must be Made at Time of Occurrence and Set Out in Bill of Exceptions.—Where misconduct of plaintiff and counsel was not objected to at time of occurrence, and, although set out in motion and grounds for a new trial was not embodied in bill of exceptions, it will not be considered in Supreme Court.

A. M. MARRET for appellant.

CHAS. F. TAYLOR and E. R. ATTKISSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellant here was defendant below, and will hereafter be referred to as defendant, while appellee was plaintiff below and will hereafter be referred to as plaintiff. Defendant is seeking here to reverse a judgment for $1,112.10, recovered against him by the plaintiff.

Plaintiff owns a garage on West Broadway in Louisville, Kentucky, and has the agency for the Stutz car. On October 13, 1919, it sold a Stutz touring car, as it said, to Joseph Muir, but the defendant contends that the plaintiff sold this car to W. H. Baker, from whom Muir purchased the car. Anyway, on September 18, 1919, Baker signed a contract with the plaintiff for the purchase of a four-passenger Stutz touring car, and then turned over to the plaintiff one Buick roadster, which belonged to Muir, at the price of $1,100.00, and one Buick touring car which was in the possession of Baker, at the price of $850.00. On October 13, 1919, plaintiff made out a bill to W. H. Baker for the sale of this car and certain accessories, the total being $3,328.35. After crediting that with the two cars traded in, there was a balance of $1,378.35, which was settled by a check of Joseph Muir. Whether that check was given directly by Muir to the plaintiff or by Muir to Baker and by Baker assigned to the plaintiff, is disputed in the evidence.

Muir began to use the Stutz car at once, and on November 11 began to buy supplies for it from plaintiff, and continued to do so for about a year. He did not procure a license for this car until December 10, 1919, when he made an application which was signed and sworn to by Joseph Muir, before M. Hirschfield, a notary public for Jefferson county, Kentucky, and in that application he was asked and answered these questions:

"Q. Has this machine been registered before in this state by you? A. No. (Just purchased.)

"Q.  If not, give date of purchase and from whom purchased?  A.  Jas. Muir, December 5, 1919."

The plaintiff sold the two Buick cars that had been traded in, and of these the touring car was sold to a Mr. Frazier.  Some time afterwards it was ascertained that this car had been stolen from one O'Hara, of Indianapolis, Indiana, who recovered the car from Frazier. Thereupon Frazier brought suit against the plaintiff company and recovered the sum of $927.20 and costs.  The plaintiff filed a cross-action against Muir, in this suit begun by Frazier, and after Frazier obtained his judgment, the plaintiff here amended its cross-action, and asked judgment against Muir for:

| | |
|---|---|
| The amount of Frazier's recovery | $927.20 |
| Costs | 34.90 |
| Attorney's fee in Frazier suit | 150.00 |
| Total | $1,112.10 |

for which sum it recovered the judgment mentioned at the outset of this opinion.  Plaintiff has lost $1,112.10 as the result of taking in trade this Buick touring car.  The question is in this case, should plaintiff recover this sum so lost from Muir or Baker?  In other words, when Baker came to the plaintiff and traded him these two old machines in upon the purchase price of the Stutz, was Baker the agent of Muir or was Baker acting for himself?  The jury believed that Baker was the agent of Muir, and after the court had entered judgment upon the verdict of the jury, Muir filed motion for a new trial upon eight different grounds.

His first complaint is of the instructions given. By the first instruction, the court told the jury the question in the case was whether the Stutz car was sold to Muir or to Baker.  By the second instruction the jury was told that if it believed from the evidence that this car was sold to Baker, in good faith, and that Baker afterwards sold to Muir, the jury should find for Muir.  In the third instruction, the jury was told if it believed from the evidence that the car was bought from the plaintiff by W. H. Baker, as the agent of Muir, it should find for the plaintiff.  The fourth instruction is:

"In making up their verdict the jury are instructed to disregard the statements claimed to have

been made by W. H. Baker to Jas. C. Glossbrenner as to Baker being the agent of Jos. Muir, unless they believe from the evidence that at the time he was Muir's agent."

This instruction is erroneous. It should have been in some such form as this:

"In making up its verdict, the jury is instructed to disregard the statements claimed to have been made by W. H. Baker to James C. Glossbrenner, as to Baker's being the agent of Joseph Muir, unless they believe from other evidence in the case that at the time he was Muir's agent."

That one cannot be shown to be the agent of an individual or a corporation by the mere proving by another the statements of one claiming to be the agent is fully settled. Main Street Tobacco Warehouse Co. v. Bain Moore Tobacco Company, 198 Ky. 777, 250 S. W. 98; Studebaker Corp. v. Miller, 169 Ky. 92, 183 S. W. 256; Seaboard Oil Co. v. Huntsman, 196 Ky. 758, 245 S. W. 860. In the last case cited, this court said: "Agency may be proved by circumstances." Thus, if the jury believed and found from other circumstances in the case that Baker was the agent of Muir, then the statements of Baker became competent evidence against Muir. There was evidence to sustain this verdict, and if it were not for the error in this fourth instruction, this judgment would be affirmed. It follows that the action of the court in overruling Muir's motion for a peremptory instruction was correct.

We do not feel that the court erred in admitting the evidence of what Baker said, but it would have been better to have admonished the jury, when it was offered, that this evidence could not be considered unless the agency of Baker for Muir was established by some other evidence in the case.

Muir also complains because the court allowed the witnesses to testify about and to describe the check for $1,378.35 which he gave for the Stutz car. It is true that this court did, in the case of Mussellam v. Cin., N. O. & T. P. Ry. Co., 126 Ky. 500, 104 S. W. 337, say :

"When a paper is shown to be in the possession of the defendant, the plaintiff should, before the trial begins, notify the defendant to produce it on the trial, or procure a rule for the production of the

paper. If the paper is not then produced, or is shown to be lost, secondary evidence of its contents may be given.''

It would have been an idle formality, however, to have required the notice in this case, as Muir himself, on the witness stand, said that this check was lost.

See Luckett v. Clark & Anderson, 16 Ky. (Littell Select Cases) 178. Muir also says that the court refused to admit competent evidence offered by him, but he has not discussed this in his brief, and we will treat that as waived. McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682.

Muir also complains of certain alleged misconduct of the plaintiff and his counsel, occurring upon the trial, but no objection was made at the time of its occurrence. The defendant contends that it was not necessary that he should object, and relies upon some Kentucky authorities, which we shall discuss.

In the case of Beavers, et al. v. Bowen, 26 Ky. L. R. 291, 80 S. W. 1165, this court said that it was the duty of the trial court, without objection, to interfere and stop personal abuse of opposing counsel then being indulged in before the jury.

In Owensboro Shovel & Tool Co. v. Moore, 154 Ky. 431, 157 S. W. 1121, and in the case of L. & L. & G. Ins. Co. v. Wright & Allen, 158 Ky. 290, 164 S. W. 952, this court said that it was the duty of the trial court, without waiting for an objection to be made, to stop a lawyer in an argument to the jury, when he was going outside the record and stating as facts matters not supported by the record.

In the case of Gunterman v. Cleaver, 204 Ky. 62, 263 S. W. 683, the record disclosed that the successful attorney and his client had persistently disregarded the rulings and admonitions of the court and treated them with contempt. The attorney, in his argument to the jury, had stated that an affidavit introduced as the evidence of an absent witness was only the affidavit of the defendant, and that the witness would not have so testified if he were present, and this court said that it was the duty of the court, under such circumstances, to interfere and stop such argument upon its own motion. Our attention is called to no case where this court has said that an attorney should not be allowed to present his case as fully and as forcibly as he can under the evidence,

and to make all possible illustrations and draw all reasonable deductions that he can from the evidence. Moreover, the matter objected to was not embodied in the bill of exceptions. It is, however, set out at length in his motion and grounds for a new trial, and he insists that, inasmuch as the motion and grounds for a new trial were examined and approved by the judge, that is equivalent to the judge's certificate that the things complained of actually occurred on the trial; but this court has held otherwise. See Hall, et al. v. Commonwealth, 196 Ky. 167, 244 S. W. 425.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.