**550**

John L. **BEARDSLEY** and Cecil Beardsley, D/B/A Beardsley Chevrolet Company, Plaintiffs,

v.

Whayne M. **LOWE** and First National Bank of Attalla, Defendants.

Civ. A. No. 873.

United States District Court
W. D. Kentucky,
Paducah Division.

Nov. 20, 1957.

David Reed, Reed & Hines, Paducah, Ky., for plaintiffs.

James E. Moore, Paducah, Ky., for defendants.

SHELBOURNE, Chief Judge.

This action was instituted January 21, 1956, in the Carlisle Circuit Court by John L. Beardsley and Cecil Beardsley, doing business as Beardsley Chevrolet Company, as plaintiffs, against Whayne M. Lowe to recover $13,675.06 for merchandise allegedly sold and delivered to Lowe, and plaintiffs obtained a general order of attachment which, by the Sheriff of Carlisle County, was levied upon three Cadillac automobiles as the property of the defendant Lowe.

February 21, 1956, in the Carlisle Circuit Court, pursuant to notice, the First National Bank of Attalla, Attalla, Alabama, filed its motion to intervene and its intervening petition. The Bank alleged that the defendant Lowe was indebted to it in the sum of $4,028 on account of a "collaterial security promissory note" dated January 11, 1956, due February 1, 1956, for the payment of which it was contended the three Cadillac automobiles seized under the order of attachment by the Sheriff of Carlisle County had been pledged to the Bank as security.

February 28, 1956, the Bank filed in this Court its petition for removal, alleging that the plaintiffs were citizens of the State of Kentucky, that defendant Lowe and the Bank were residents and

citizens of the State of Alabama, and that the amount in controversy in this action exceeded $3,000, exclusive of interest and costs. No objection to the removal was made and no motion to remand was filed.

Under date of March 3, 1956, an agreed order was entered in this Court, in substance, providing: (1) that the grounds of attachment urged by the plaintiffs Beardsley be sustained; (2) that the Bank was claiming a superior lien on account of its indebtedness against Lowe; (3) that the Sheriff of Carlisle County cause the three Cadillac automobiles to be appraised, after which they would be delivered to the Bank; (4) that the Bank would execute bond to the Sheriff of Carlisle County in the amount of $5,000, conditioned that if the Bank failed to sustain its claim it would return to the Sheriff the specific property or, in lieu thereof, pay the appraised value within 30 days after judgment in this action; (5) that the Bank should thereafter sell and dispose of the automobiles, either at public or private sale, free of the attachment lien, and (6) that the attachment lien would follow the proceeds from the sale to await the adjudication of the priority of liens as between plaintiffs Beardsley and the Bank.

Plaintiffs Beardsley filed an answer to the intervening petition of the Bank, in which it was alleged that Lowe and the Bank had conspired together to defraud persons from whom Lowe had purchased automobiles (including plaintiffs Beardsley) in that the Bank had falsely represented Lowe as financially good for his obligations and a substantial property owner, and that checks drawn by him on the Bank for the purchase of automobiles would be paid when presented. The Beardsleys again claimed superiority of their attachment lien.

Various depositions were taken by the parties and, on April 17, 1957, the parties filed in this action the following stipulation:

"Come the plaintiffs, John L. Beardsley and Cecil Beardsley, d/b/a Beardsley Chevrolet Company,

and the defendant, First National Bank of Attalla, by and through their respective attorneys, Reed & Hines and James E. Moore, and stipulate and agree as follows:

"1. This was an original action brought in the Carlisle Circuit Court January 21, 1956, by John L. Beardsley and Cecil Beardsley of Bardwell, Kentucky, against the defendant Whayne M. Lowe, a resident of Gadsden, Alabama. Plaintiff's claim was for $13,675.06 for merchandise (automobiles) sold and delivered. The plaintiffs caused an attachment to be issued and placed in the hands of the Sheriff of Carlisle County who executed it by leving upon three Cadillac automobiles which are the subject of the controversey between plaintiff's and defendant, First National Bank of Attalla.

"2. Defendant Lowe was the operator of a used car dealership at Attalla, Alabama on January 11, 1956, and for some time prior thereto. On January 11, 1956, W. M. Lowe borrowed from the First National Bank of Attalla the sum of $4,000.00 to be used in the purchase of automobiles at Cairo, Illinois.

"The defendant, First National Bank of Attalla, claims the loan was evidenced by an instrument known under the laws of the State of Alabama as a chattel or collateral form note, which was dated January 11, 1956, signed by Whayne M. Lowe and endorsed by Robert Foreman, President of said bank.

"It is agreed that the description of the collateral was left open pending the actual purchase of the automobiles and the furnishing of the description thereof by the borrower to the bank.

"3. Defendant, Lowe, through his agent, Jack Rabey, used the $4,000.00 in the purchase of automobiles, including the three hereinafter described, from Ben Fishel, Cairo, Illinois.

"The Bank claims that upon the purchase of the automobiles, and on January 12, 1957, and before the automobiles left Cairo, Jack Rabey the agent of defendant Lowe, called Mr. L. A. Clayton, Executive Vice President of the First National Bank of Attalla, Alabama, from Cairo, Illinois, and gave him the description of each of said automobiles which was then inserted in the face of the collateral note described in paragraph 2 above, as follows:

"One 1952 Cadillac Coupe DeVille Motor No. 526277634

"One 1950 Cadillac Coupe Motor No. 506181286

"One 1952 Cadillac Coupe Motor No. 526204337

"4. The above cars were driven from Cairo, Illinois, to Bardwell, Kentucky, on their way to Attalla, Alabama, where on January 21, 1956, at Bardwell, the plaintiff's intercepted said automobiles and had them attached by the Sheriff of Carlisle County. The return upon the attachment is as follows:

" 'Executed the within attachment by leaving on one 1952 Cadillac Car License No. 7-6564 Alabama License, Motor No. 526277634. One Cadillac Car License No. V-6561 Model 1952 Two door Motor No. 526204337. And also on one cadillac two door car, License No. V-6560, Motor No. 506181286, Model 1950. Levied on as the property of Whayne M. Lowe, and leaving same in care of Cecil Beardsley, as my Bailee. This January 21, 1956.

" 's/R. W. Mason

Sheriff, Carlisle County, Kentucky'

"5. By agreed order herein the Sheriff of Carlisle County caused the three automobiles described in paragraph 4 above to be appraised; he took from the First National Bank of Attalla a surety bond in the amount of $5000.00 so conditioned that if said Bank failed in its claim herein it would return to said sheriff the specific property or in lieu thereof it would pay the appraised value of said automobiles to the sheriff within thirty days after judgment in this action.

"The aggregate appraised value of the three automobiles was $3,-750.00. They were released to the First National Bank of Attalla, for disposal with the agreement that the liens claimed by each of these parties would attach to the proceeds of sale in the hands of the Bank to have equal status with the liens they claimed to hold against the chattels, but that the priority of such liens, as between the plaintiffs and defendant Bank was reserved for determination upon trial.

"6. The only question at issue between plaintiffs and First National Bank of Attalla is one of priority of liens which is a question of law to be tried by the Court without the intervention of a jury.

"7. Proof of the time and place of recording of the collateral note held by the First National Bank of Attalla may be by affidavit of the Clerk, or one of his deputies, in the office where such instrument is of record in Alabama. Said affidavit shall include a photostatic copy or a certified copy of said instrument, showing all certificates and recording information, to be considered by the court in the trial of this action."

As is stipulated, the only question to be determined in this action is one of priority of liens as between the plaintiffs Beardsley and the intervening petitioner, First National Bank of Attalla.

Findings of Fact

As its findings of fact, the Court adopts the facts stipulated by the parties as set out above.

Conclusions of Law

The Bank's counsel, on April 15, 1957, filed his brief of Alabama law, contending that the law of Alabama is the con-

trolling law of this action. Reference was made to Section 123 of Title 47 of the 1940 Code of Alabama in regard to "personal property mortgages;" that section is as follows: "Conveyances of personal property to secure debts, or to provide indemnity, are inoperative against creditors and purchasers without notice, until recorded, unless the property is brought into this state subject to such incumbrances, in which case three months are allowed for the registration of the conveyance; and if such property is removed to a different county from that in which the grantor resides, the conveyance must be recorded in such county within three months from the removal, or it ceases to have effect after such three months against creditors or purchasers of the grantor without notice."

The Bank's contention is thus summarized in its brief: "In view of the fact that it is without dispute that the plaintiff in this case had a debt that preceded the debt of the defendant secured by the mortgage given by *Wayne* M. Lowe, it can not be logically contended that the defendant, First National Bank of Attalla, should be deprived of its security for its debt."

It will be noted that no mortgage was executed by Lowe to the Bank. The note made a part of the record by a subsequent order of the Court merely provides, "To further secure this note, there has been deposited as collateral security for the payment of this note or any other liability or liabilities of the undersigned to the owner of this note, due or that may become due, existing or that may hereafter be contracted, the following property * * *;" here follows a description of the three Cadillac automobiles as to year, model, and motor serial number. No mortgage was executed, and no conveyance of any kind was ever executed by Lowe, or on his behalf, other than this reference in the note that the cars had been deposited as collateral security.

The plaintiffs Beardsley contend that the note, at best, could constitute only a pledge and is not a mortgage; that, since the pledge was not accompanied by any actual or symbolic delivery of the property, the Bank's lien is ineffectual; and that, since the property at the time of the pledge was in the State of Illinois, the law of Illinois and not the law of Alabama determines the validity of the pledge.

The plaintiffs Beardsley also contend that, having been induced to accept Lowe's checks by the false statements and representations of the Bank, on equitable principles the Bank is estopped to assert a lien prior to that of plaintiffs Beardsley.

Many authorities are cited by Beardsleys' counsel to support the contention that the automobiles were never pledged to the Bank; mainly, for the reason that neither the actual nor constructive possession ever vested in the Bank. Cases from courts of last resort from the States of Illinois, Kentucky, and Alabama are cited in support of the contention that until the act of delivery has been performed the property which is claimed as a pledge never vests in the pledgee, and that the requirement of possession is an inexorable requirement. See Corbett v. Underwood, 83 Ill. 324; Immel v. Travelers Insurance Company, 373 Ill. 256, 26 N.E.2d 114; American Pig Iron Storage Warrant Co. v. German, 126 Ala. 194, 28 So. 603; Burnes v. Daviess County Bank and Trust Company, 135 Ky. 355, 122 S. W. 182, 25 L.R.A.,N.S., 525, and Liberty National Bank and Trust Company v. Louisville Trust Company, 295 Ky. 825, 175 S.W.2d 524.

■ It is contended by the plaintiffs Beardsley that the law of Illinois and the law of Kentucky are controlling in this action, and this is the conclusion of the Court.

This case was submitted on the stipulation, and on November 14, 1957, the Bank filed its reply brief. Now, the Bank contends that Jack Rabey, who actually purchased the Cadillac automobiles at the auction in Cairo, Illinois, was the agent of the Bank as well as the agent of Lowe,

554

and that the possession of the pledged property by Jack Rabey at the time the automobiles were seized by the Sheriff of Carlisle County was in fact the possession of the Bank as pledgee. The burden of this reply brief is that an agent may serve two masters simultaneously, if both masters consent, where there is no conflict between their interests. Kentucky cases relied upon, and which support the legal proposition, are Lacy v. Hodgkin, 275 Ky. 722, 122 S.W.2d 768, and Thompson-Starrett Co. v. Mason's Adm'rs, 304 Ky. 764, 201 S.W.2d 876. The Bank now contends that Rabey was acting for it and not for W. M. Lowe primarily; that Rabey's possession was the Bank's possession until the automobiles were delivered to the Bank at Attalla, Alabama, and that the facts and circumstances surrounding the transaction show conclusively that such was the understanding.

The main trouble with this contention is that it is not supported by the stipulation of facts, upon which the case was submitted to the Court. It will be noted that the parties agreed in the stipulation that "defendant, Lowe, through his agent, Jack Rabey, used the $4000.00 in the purchase of automobiles, * * *." No mention is made in the stipulation that Rabey was acting as agent for the Bank.

The Court concludes that the provision in the note giving to the Bank a "collateral lien" on the automobiles, even though it may have been valid as between the Bank and Lowe, did not constitute a lien valid as to creditors of Lowe, and that the property was subject to attachment as the property of Lowe.

The Court further concludes that the plaintiffs Beardsley are entitled to a judgment enforcing the attachment lien by having applied to plaintiffs' indebtedness the appraised value of the Cadillac automobiles, for which the Bank has executed bond. The intervening petition of the Bank will be dismissed.

Plaintiffs' counsel will submit judgment upon notice to the opposing counsel, as provided by the rules of this Court.